# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| SUZANO S.A., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and, <br><br> DOMTAR CORPORATION, <br><br> Defendant-Intervenor. | Court No. 21-00069 |

**RESPONSE BRIEF OF DEFENDANT-INTERVENOR IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE AGENCY RECORD**

Stephen J. Orava
Daniel L. Schneiderman

**KING & SPALDING, LLP**
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006-4706
(202) 626-2950

*Counsel to Defendant-Intervenor Domtar Corporation*

September 29, 2021

317822

## **TABLE OF CONTENTS**

|   |   | Page |
|---|---|---|
| STATEMENT PURSUANT TO RULE 56.2……………………………….... | | 1 |
| ARGUMENT…………………………………………………………………… | | 1 |
| I. | COMMERCE'S TREATMENT OF DERIVATIVE LOSSES IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND IS IN ACCORDANCE WITH LAW…………………………………………… | 1 |
| CONCLUSION……………………………………………………………. | | 4 |

# TABLE OF AUTHORITIES

**Page(s)**

**Statutes**

19 U.S.C. § 1677b(f)(1)(A)..................................................................................................2

**Administrative Determinations**

*Certain Orange Juice from Brazil*,
  75 Fed. Reg. 50999 (Aug. 18, 2018) ...................................................................................4

*Certain Tapered Roller Bearings from Korea*,
  83 Fed. Reg. 29092 (June 22, 2018)....................................................................................3

*Certain Uncoated Paper from Brazil*,
  86 Fed. Reg. 7254 (Jan. 27, 2021).......................................................................................1

*Phosphor Copper from Korea*,
  84 Fed. Reg. 69720 (Dec. 19, 2019)....................................................................................3

## STATEMENT PURSUANT TO RULE 56.2

Defendant-Intervenor Domtar Corporation hereby responds in opposition to the Motion for Judgment on the Agency Record and the Brief in Support thereof filed by Plaintiff Suzano S.A. ("Suzano") on July 16, 2021 ("*Pl. Br.*") (ECF No. 23). Plaintiff contests certain aspects of the final results by the U.S. Department of Commerce ("Commerce") in *Certain Uncoated Paper from Brazil*, 86 Fed. Reg. 7254 (Jan. 27, 2021) (final results) (P.R. 170), and the accompanying Issues and Decision Memorandum ("*IDM*") (P.R. 167).

Defendant-Intervenor agrees with the government's September 16, 2021 Response in Opposition to Plaintiff's Motion for Judgment on the Agency Record (ECF No. 26). To minimize repetition, Defendant-Intervenors incorporate by reference the government's statement of facts and arguments as presented in that response brief. For the reasons set forth therein and below, Plaintiff's arguments lack merit, and the final results should be affirmed.

## ARGUMENT

**I. COMMERCE'S TREATMENT OF DERIVATIVE LOSSES IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND IS IN ACCORDANCE WITH LAW**

Suzano argues that certain derivative losses should have been excluded from the financial expense component of cost of production ("COP"), either because they (1) related to separate "investment" (rather than financing) activities, *Pl. Br.* at

15-26, or (2) represented an "extraordinary" expense. *Id*. at 26-30. These arguments lack merit and should be rejected.

Commerce found that the derivative losses related to Suzano's financing activities rather than its investment activities. *IDM* at 5 (P.R. 167). That finding is supported by substantial evidence. In Suzano's 2018 audited financial statements,[1] which complied with Brazilian generally accepted accounting practices ("GAAP"), investment gains and losses and financial income and expenses were accounted for separately. *See* Suzano's Section A Questionnaire Response (July 26, 2019) at Exhibit A-17, pages 21 (income statement) (P.R. 36), pages 78-82 (detailing investment gains and losses at note 14) (P.R. 37), and page 105 (detailing financial income and expenses at note 26) (P.R. 38). The derivative losses at issue here were classified entirely within "financial expenses." *Id.* at Exhibit A-17, page 105 (P.R. 38). In other words, Suzano's own auditors characterized the losses as being related to the cost of the company's borrowing and cash management activities. Under the statute, COP typically must be based on the respondent's normal records kept in accordance with GAAP. 19 U.S.C. § 1677b(f)(1)(A). It was perfectly

---

[1] Suzano's financial expenses were based on the company's audited consolidated financial statements for calendar year 2018. *See* Suzano's Section D Questionnaire Response (August 21, 2019) at page D-38 and Exhibit D-19 (P.R. 79-80); *IDM* at 4-5 (P.R. 167).

appropriate, therefore, for Commerce to rely on Suzano's own accounting treatment and capture these losses within financial expense. *IDM* at 5 (P.R. 167).

Suzano contends that, although the derivative losses were characterized as "financial expenses" in the 2018 financial statements, they were incurred largely in preparation for a then-planned investment in Fibria Celulose S.A. ("Fibria") that occurred in 2019. *Pl. Br*. at 5-11. Even if that were true, it does not mean that Suzano's costs of raising capital and managing cash during 2018 should somehow be recharacterized for antidumping purposes as "investment" activities rather than as financing activities. The loss at issue did not result from an investment in Fibria that declined in value during 2018; indeed, the investment itself did not even occur until the following year. As Commerce explained, Suzano's derivatives activities were used to finance the company's overall operations; they were not run as a separate, profit-making business. *IDM* at 5 (P.R. 167). Under those circumstances, any derivative losses cannot be considered as related to "investment" activities, and their inclusion in financial expense is consistent with Commerce's established practice. *See IDM* at 5 (P.R. 167), citing *Phosphor Copper from Korea*, 84 Fed. Reg. 69720 (Dec. 19, 2019) (final results) at Comment 4 and *Certain Tapered Roller Bearings from Korea*, 83 Fed. Reg. 29092 (June 22, 2018) (final determination) at Comment 7.

3

Alternatively, Suzano argues that the derivative losses should be excluded from COP as "extraordinary" expenses. *Pl. Br*. at 26-30. This argument also lacks merit. The relevant losses were not classified by Suzano's auditors as "extraordinary" in the company's financial statements. *See* Suzano's Section A Questionnaire Response (July 26, 2019) at Exhibit A-17, page 21 (income statement) (P.R. 36). Commerce's finding that the item is not "extraordinary" is thus well-supported. *IDM* at 5 (P.R. 167). Under established practice, Commerce does not exclude from COP items described by the respondent as "extraordinary" but not treated as such in the audited financial statements. *Id*., citing *Certain Orange Juice from Brazil*, 75 Fed. Reg. 50999 (Aug. 18, 2018) (final results) at Comment 12. The losses at issue were properly included in COP.

## CONCLUSION

For the reasons set forth above, Commerce's final results should be sustained.

                                          Respectfully submitted,

                                          */s/ Daniel L. Schneiderman*
                                          Stephen Orava
                                          Daniel L. Schneiderman

                                          KING & SPALDING LLP
                                          1700 Pennsylvania Avenue, NW, Suite 200
                                          Washington, DC 20006
                                          (202) 737-0500

September 29, 2021                       *Counsel for Defendant-Intervenor*

## CERTIFICATE OF COMPLIANCE
## WITH WORD COUNT LIMITATIONS

Pursuant to paragraph 2(B)(2) of the U.S. Court of International Trade's *Standard Chambers Procedures*, the undersigned certifies that this brief complies with the word count limitations set forth in the Court's scheduling order. Exclusive of the exempted portions, as provided in paragraph 2(B)(1), this brief includes <u>787</u> words. In preparing this certificate, the undersigned has relied upon the word count feature of the word-processing system used to prepare the submission.

<u>*/s/ Daniel L. Schneiderman*</u>
Stephen Orava
Daniel L. Schneiderman

KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006
(202) 737-0500

*Counsel for Defendant-Intervenor*

September 29, 2021